UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

March 21, 2024

LETTER ORDER AND OPINION TO COUNSEL

RE:  *G&G Closed Circuit Events, LLC v. Bar Elite, LLC d/b/a/ Bar Elite, et al.*
     Civil No. 1:23-cv-02483-RDB

Dear Counsel:

Plaintiff, G&G Closed Circuit Events, LLC, brought this action against Defendants "pursuant to several statutes, including the Communications Act of 1934, as amended, 47 U.S.C. [§] 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, *et seq.*" (ECF No. 10 at 1); *see also generally* (ECF No. 4).[1] United States District Judge Richard D. Bennett referred this case to the undersigned on February 14, 2024, for discovery and all related scheduling. (ECF No. 11). A discovery dispute has arisen, and presently before the Court is Plaintiff's Motion for Order Compelling Discovery (the "Motion"). (ECF No. 10). The undersigned has additionally considered Defendants' opposition thereto. (ECF No. 17). Plaintiff did not file a reply in accordance with this Court's Local Rules' briefing schedule and the time to do so has passed. *See* Loc. R. 105.2 (D. Md. 2023). No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's Motion will be denied without prejudice. However, Defendants are directed to serve their remaining written discovery responses by March 29, 2024.

## I.   Background

### A.   Relevant Factual and Procedural History

According to Plaintiff's Complaint, Plaintiff is a California corporation with its principal place of business in Campbell, CA. (ECF No. 4 at 2).[2] Defendants Thomas Bennett, Jr. and Reggie Ware, III are the "managing members/partners/owners of Bar Elite, LLC d/b/a/ Bar Elite which owns and operates the commercial establishment doing business as Bar Elite, LLC d/b/a/ Bar Elite" in Baltimore, MD. *Id.* at 2–3.

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

[2] Because discovery is guided by the allegations raised in a complaint and the defenses asserted, the facts underlying Plaintiff's lawsuit are taken from the allegations set forth in Plaintiff's Complaint. The undersigned does not wish for either party to construe the references to those allegations as accepting them as true.

Plaintiff alleges that it obtained "the exclusive nationwide commercial distribution (closed-circuit) rights to the *Gervonta Davis v. Hector Luis Garcia Championship Fight Program* [the 'Program'] which telecast nationwide on Saturday, January 7, 2023." *Id.* at 4. Plaintiff then entered into various sublicensing agreements with various commercial entities, including entities in Maryland, by which Plaintiff granted limited sublicensing rights to publicly exhibit the Program. *Id.* Defendants were not one of the commercial entities that obtained a sublicense to broadcast the Program in its establishment. *Id.* Rather, Plaintiff avers that, with full knowledge that the Program was not to be "intercepted, received, published, divulged, displayed, and/or exhibited" by unauthorized commercial entities, Defendants, either through direct action or the actions of their employees/agents, did, in fact, unlawfully intercept, publish, divulge, display, and/or exhibit the Program at Defendants' commercial establishment in Baltimore. *Id.* at 4–5. Accordingly, Plaintiff's Complaint alleges that Defendants violated 47 U.S.C. § 605 (Count I) and 47 U.S.C. § 553 (Count II). *Id.* at 4, 6.

B. The Discovery Dispute

Relevant for purposes of Plaintiff's Motion, Plaintiff submits that it mailed interrogatories, requests for production of documents, and requests for admissions to Defendants on October 26, 2023. (ECF No. 10 at 1). Defendants mailed their responses to Plaintiff's requests for admissions on November 27, 2023, but did not respond to Plaintiff's interrogatories or requests for production. *Id.* at 2. Plaintiff's counsel informed Defendants' counsel via letter on January 30, 2024, that Plaintiff would file the present Motion if discovery responses were not promptly provided. *Id.* Defendants still had not provided any answers to Plaintiff's interrogatories or requests for production when Plaintiff filed its Motion on February 14, 2024. *Id.*

II. Analysis

Defendants urge the Court to deny Plaintiff's Motion because Plaintiff prematurely served his discovery requests on Defendants and because Plaintiff failed to abide by Local Rule 104.7 prior to bringing this Motion. (ECF No. 17 at 2). Regarding Defendants' first argument, Federal Rule of Civil Procedure 26(d) provides that, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Rule 26(f), in turn, provides that "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). However, this Court's Local Rules clarify that "Unless otherwise ordered by the Court or agreed upon by the parties, the conference of counsel required by Fed. R. Civ. P. 26(f) need not take place and *discovery shall not commence and disclosure need not be made until a scheduling order is entered.*" Loc. R. 104.4 (D. Md. 2023) (emphasis added).[3]

---

[3] Judge Bennett's subsequent scheduling order further clarifies that "This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made" and that "This action is exempted from the requirements of Fed. R. Civ. P. 26(d)(1) and from Fed. R. Civ. P. 26(f)." (ECF No. 16 at 2–3).

Regarding Defendants' second argument, Local Rule 104.7 mandates:

> Counsel shall confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court. A 'reasonable effort' means more than sending an email or letter to the opposing party. It requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter.

Loc. R. 104.7 (D. Md. 2023).

Both of Defendants' arguments are meritorious. First, Plaintiff's written discovery requests were propounded on Defendants on October 26, 2023, twenty-one days after Defendants filed their answer on October 5, 2023. (ECF Nos. 7, 10). Judge Bennett did not enter a scheduling order in this case until February 28, 2024. (ECF No. 16). By Local Rule 104.4's plain text, discovery was therefore not to commence until February 28, 2024, and Defendants were not required to make any discovery disclosures or productions prior to February 28, 2024. Plaintiff's discovery requests were therefore premature.

Second, Plaintiff's Motion and accompanying exhibits indicate that Plaintiff's counsel sent a single letter to Defendants' counsel on January 30, 2024, regarding the alleged discovery deficiencies. (ECF No. 10 at 2). Local Rule 104.7 provides that that exact conduct alone does not satisfy the meet and confer requirement, and that failure to satisfy the meet and confer requirement precludes the Court from considering any related discovery motions. *See* Loc. R. 104.7 (D. Md. 2023) ("A 'reasonable effort' means more than sending an email or letter to the opposing party."). Plaintiff does attach a "Good Faith Certificate" to its Motion, but that certificate simply re-iterates that Plaintiff's counsel mailed the single letter to Defendants' counsel regarding the alleged discovery deficiencies. (ECF No. 10-1 at 1). Plaintiff has therefore failed to abide by Local Rule 104.7, further warranting denial of Plaintiff's Motion. *See, e.g.*, *Style Pantry LLC v. Hongkong Jigao Info. & Tech. Co.*, No. CV GLR-18-1981, 2018 WL 6000178, at *2 (D. Md. Nov. 15, 2018) (denying motion to compel for failing to abide by Local Rule 104.7); *Anderson v. Discovery Commc'ns, LLC*, 814 F. Supp. 2d 562, 568–69 (D. Md. 2011), *aff'd*, 517 F. App'x 190 (4th Cir. 2013), *as amended* (May 3, 2013) (denying discovery related motion for failing to abide by Local Rule 104.7); *Brethren Mut. Ins. Co. v. Sears, Roebuck & Co.*, No. CIV. WDQ-12-0753, 2014 WL 3428931, at *4 (D. Md. July 10, 2014) (same).[4]

---

[4] While there are rare instances in which this Court has excused Local Rule 104.7's meet and confer requirement, doing so is not warranted here. *See, e.g.*, *Keralink Int'l, Inc. v. Stradis Healthcare, LLC*, No. CV CCB-18-2013, 2021 WL 1198150, at *5 (D. Md. Mar. 30, 2021); *Rullan v. Goden et al.*, No. 1:17-CV-03741-CCB, 2024 WL 1191600, at *7 (D. Md. Mar. 20, 2024). Here, Plaintiff's Motion highlights that Plaintiff's counsel also violated Local Rule 104.4 and there are no compelling circumstances warranting excusal of Local Rule 104.7's requirements such as the interests of comity and expedience that are present in the cases in which this Court has seldom excused Local Rule 104.7's requirement. Nor has Plaintiff attempted to make such a showing.

### III.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Order Compelling Discovery (ECF No. 10) is denied without prejudice. Discovery commenced in this case on February 28, 2024, by virtue of the scheduling order being entered that day. Because Defendants are already in receipt of Plaintiff's interrogatories and requests for production, Defendants are directed to comply with the response requirements of Rule 33 (with respect to Plaintiff's interrogatories) and Rule 34 (with respect to Plaintiff's requests for production) by March 29, 2024, as if the discovery was served on February 28, 2024, unless otherwise agreed by the parties or approved by the Court. In the event that there still exists a dispute then regarding Plaintiff's interrogatories and/or requests for production, the parties are directed to abide by the undersigned's Informal Discovery Memorandum (ECF No. 12) and all applicable Local Rules—including Local Rule 104.7 but not Local Rule 104.8 pursuant to the Informal Discovery Memorandum—prior to seeking Court intervention through the procedures enumerated in the Informal Discovery Memorandum.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court, and the Clerk should docket it as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Richard D. Bennett